{¶ 32} I respectfully dissent. I would affirm Defendant's conviction for compelling prostitution for the reasons set forth in State v.Goldblatt, 8th Dist. No. 87442, 87462, 2006-Ohio-5930.
 {¶ 33} As the majority opinion notes, Goldblatt involved a conviction under the same statute at issue in this case, R.C. 2907.21(A)(3). The majority rejects the outcome reached by the 8th District, finding fault with its reliance upon State v. Adrian, 168 Ohio App.3d 300,2006-Ohio-4143. I believe, however, that the Adrian court's analysis supports the conclusion that R.C. 2907.21(A)(3) permits a conviction under the circumstances of this case. Consequently, further analysis ofAdrian is warranted.
 {¶ 34} In Adrian, the defendant was convicted of attempted rape, attempted complicity to commit kidnapping, compelling prostitution, and complicity to prostitution. These convictions arose from the defendant's interactions with a former lover, Meera Good. After encountering Ms. Good in a grocery store with her seven-year-old daughter and two of her daughter's young friends, the *Page 17 
defendant contacted Ms. Good. At that time, he described a past incident in which he engaged in sexual conduct with a drugged child and asked whether Ms. Good could provide an eight-year-old and a ten-year-old girl for his sexual gratification. Ms. Good contacted law enforcement and agreed to assist in gathering evidence that might lead to the defendant's arrest. Ms. Good participated in numerous telephone calls with the defendant, and ultimately agreed to provide him with a fictional eight-year-old girl named "Brittany" in exchange for $200. The defendant was arrested when Ms. Good urged him to come to her van, maintaining that the non-existent Brittany was secured inside the vehicle.
 {¶ 35} The defendant was convicted of the attempted rape of this fictional "Brittany." The Second District Court of Appeals affirmed this conviction, noting that the defendant's progressively more explicit interactions with Ms. Good, the payment of $200, and the defendant's approach of the vehicle alleged to contain "Brittany" constituted substantial steps toward the commission of the rape of an eight-year-old, regardless of the fact that the prospective victim was a fictional child. Id. at ¶ 23-24. The court concluded, therefore, that a defendant could be found guilty of attempted rape even where there was no actual victim who was a person "less than thirteen years of age." R.C. 2907.02(A)(1)(b).
 {¶ 36} The analysis espoused by the Second District with respect to the crime of attempted rape in Adrian is instructive in analyzing charges under R.C. 2907.21(A)(3) as well. In both scenarios, we are presented with a defendant who *Page 18 
manifests the clear intention to commit a crime against a child of tender years and, in both instances, such conduct is explicitly forbidden by statute. The defendant in Adrian took as many steps as possible toward the rape of a child that could be taken outside the presence of the victim. As the Second District made clear, the fact that the defendant was mistaken as to the existence of the child victim was immaterial. The defendant in the case before this court explicitly propositioned a person who he believed to be a potential child victim for sexual acts in exchange for money. I find no distinction worthy of a different outcome.
 {¶ 37} This result is further bolstered by the Eighth District's decision in Goldblatt, supra. While mistaken in its assertion that the Second District "determined Adrian's convictions for both compelling prostitution and attempted rape were supported by sufficient evidence and by the weight of the evidence," (emphasis added), Goldblatt
at ¶ 6, the Eighth District Court of Appeals correctly applied the logic ofAdrian to facts that are precisely on-point with this case:
 "The Ohio Second Appellate District's reasoning with regard to whether the evidence proved the necessary elements of the crime is sound. In this case, as in Adrian, appellant spoke with a person who played the role of a child's agent; although no actual child existed, the tape recordings showed a plan for the agent to bring the child to him for him to engage in sexual activity with her." Goldblatt at ¶ 47.
 {¶ 38} For the same reasons, I would affirm the defendant's conviction for violating R.C. 2907.21(A)(3) in this case.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1